IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03252-WJM-KLM

AMY RUNKLE,

    Plaintiff,

v.

STATE OF COLORADO, et al.

    Defendants.

## STATE DEFENDANTS' MOTION TO DISMISS

The State Defendants have not been served with a summons and complaint, and this case can be dismissed on that basis alone. But even if they had, Plaintiff Amy Runkle does not state any plausible legal theory entitling her to relief in her "complaint." For one thing, the State Defendants are all immune from the lawsuit. For another, she does not assert any claims or request any relief, so her complaint literally fails to state a claim for which relief can be granted. Therefore, the State Defendants move to dismiss this lawsuit under Federal Rules of Civil Procedure 12(b)(1), (b)(5), and (b)(6).

## BACKGROUND

From January 2020 through February 2021, Amy Runkle filed 56 civil actions in Colorado district courts—about one lawsuit per week. *See* Ex. A (printout from state court e-filing system). Then, in December 2022, she filed this federal

lawsuit against, among others, the State of Colorado, Denver District Court Judges Bruce Jones and Darryl Shockley, and former Chief Judge of the Denver District Court Michael Martinez (collectively, the State Defendants).

In her complaint filed in this action, Runkle appears to take issue with the filing restrictions imposed on her as a result of her abusive filing practices in state court. *See* Doc. 1 at 7. But her complaint does not seek any relief related to the filing restrictions or otherwise—under "Request for Relief," her pro se complaint says, "Unspecified." *Id.* at 17.

## LEGAL STANDARDS

A motion under Rule 12(b)(5) "challenges the mode of delivery or the lack of delivery of the summons and complaint." *Sellers v. Kelly Services*, No. 11-cv-03416-WYD-KLM, 2012 WL 4328555, at *2 (D. Colo. Aug. 16, 2012) (quotations omitted). When service is challenged through such a motion, the "plaintiff bears the burden to make a prima facie case that [she] has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Id.* (quotations omitted). "The plaintiff must demonstrate that the procedure employed by [her] to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Id.*

In addition to challenging service under Rule 12(b)(5), this motion also challenges the Court's subject matter jurisdiction and the merits of the complaint under Rules 12(b)(1) and (b)(6). "Because the State's assertion of Eleventh

2

Amendment immunity challenges the subject matter of the district court, the issue must be resolved before a court may address the merits of the underlying claim." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002) (quotations omitted). Courts have entertained defenses based on absolute judicial immunity under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), though the weight of authority appears to favor treating such motions under Rule 12(b)(6). *See, e.g.*, *DeWalt v. United States*, No. 20-cv-02681-WJM-NYW, 2021 WL 4046416, at *4 n.3 (D. Colo. Mar. 10, 2021). To survive a motion under Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Runkle is proceeding pro se, so the Court should construe her filings liberally. *See Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1239 (D. Colo. 2012). But "the Court should not be a pro se litigant's advocate, nor should it supply additional factual allegations to round out [her] complaint or construct a legal theory on [her] behalf." *Id.* at 1239-40 (quotations omitted).

## ARGUMENT

### I. This case should be dismissed because the State Defendants have not been served with process.

None of the State Defendants have been served with the summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure. The following timeline of facts regarding service is not in dispute:

3

- December 19, 2022: Runkle filed her "complaint." Doc. 1.

- January 10, 2023: Deputy Sheriff Gabrille Deniro served the summons and complaint on Gail Griggs at 1437 Bannock Street Room 350, Denver, Colorado 80202. Doc. 20.
    - Gail Griggs does not work for the State of Colorado Judicial Department. *See* Ex. B.

- February 7, 2023: The Colorado Attorney General's Office was served with a copy of the complaint. Doc. 24.

- February 27 and March 1, 2023: counsel for the State Defendants offered to waive service. Runkle declined. Docs. 25 & 26.

Based on these facts, the three judges have not been served. An individual may be served under Fed. R. Civ. P. 4(e) either by (1) complying with state law, or (2) delivering a copy to the individual personally, to their dwelling, or to an agent authorized by law to receive service. The second category does not apply here, so Runkle's service had to comply with Colorado law. But service was inadequate under Colorado law. Under Colo. R. Civ. P. 4(e)(10), an officer, agent, or employee of the state may be served by delivering a copy to the officer, agent, or employee, and by delivering a copy to the attorney general. The judicial officers here were not served, so service is inadequate under Colorado's rules for service.[1]

---

[1] Service on the attorney general must take place within seven days, or else the state government officer gets an additional 63 days beyond the time otherwise provided to respond to the complaint. *See* Colo. R. Civ. P. 4(e)(10)(C). So even if the

4

Runkle may argue that the more general rule for serving individuals applied here. *See* Colo. R. Civ. P. 4(e)(1). But even under that rule—which allows for service on a person's "supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent"— service was still inadequate. Runkle's proofs of service say that the sheriff served Gail Griggs. *See* Doc. 20. But Griggs is not a judicial employee and so is not a "supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent" of any of the judges. *See* Ex. B. (Former Chief Judge Martinez does not even work at 1437 Bannock Street anymore, so serving anyone there is not valid service on him.) The proofs of service filed here indicate that Ms. Griggs was located in Room 350 at 1437 Bannock Street, which appears to be the Mayor's Office and is unaffiliated with the Colorado Judicial Department and its judges.[2] The judges therefore have not been served with process in compliance with either state or federal law.

*Sellers v. Kelly Services*, 2012 WL 4328555, is instructive. There, the pro se plaintiff attempted to serve defendant IBM by serving an IBM Security Specialist. *See id.* at *3. But because that individual was not a registered agent for service or an officer or managing agent of IBM, the Court concluded service was not proper.

---

judges had been appropriately served here, the State Defendants' time to respond would not run until April 4, 2023.

[2] 1437 Bannock Street is home both to Denver's city government and the state judges who sit in the state's Second Judicial District.

*Id.* at *3-4. And although the Court recognized that "Plaintiff could possibly cure the defect in service," the Court denied leave to cure because of other deficiencies with the complaint. *Id.* at *4. The same holds true here. Service was not properly made on the State Defendants, and any cure in service would be futile, as shown below.

## II. The State and the Colorado judges are immune from suit.

### A. Colorado is immune.

The Eleventh Amendment "prohibits suits in federal court against a state by its own citizens." *Eastwood v. Dep't of Corrs. of Okla.*, 846 F.2d 627, 631 (10th Cir. 1988). This applies to claims for damages as well as injunctive relief. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought."). Here, Colorado has not waived its sovereign immunity, nor has Congress overridden it. Colorado is therefore immune from Runkle's lawsuit.

### B. The judges are immune.

It's unclear whether the "complaint" attempts to bring claims against the three judges in their official capacities or in their personal capacities. To the extent it is in their official capacities, the judges are immune under the Eleventh Amendment. "Courts have repeatedly held that, under the Eleventh Amendment, state courts and state court judges are immune from claims asserted against them."

6

*Kirchner v. Marshall*, Civil Action No. 1:22-cv-01512-CNS-MEH, 2023 WL 110953, at *3 (D. Colo. Jan. 5, 2023) (collecting cases).

The judges are also immune under the doctrine of judicial immunity regardless of whether the claims against the judges are in their individual or official capacities. The doctrine of absolute judicial immunity "defeats suit at the outset." *Horwitz v. State Bd. of Med. Examiners of Colo.*, 822 F.2d 1508, 1512 (10th Cir. 1987). "Absolute judicial immunity applies to all claims, whether official-capacity or personal-capacity, that are based on judicial acts." *McDonald v. Citibank, N.A.*, No. 21-cv-00427-PAB-NRN, 2021 WL 5736437, at *4 (D. Colo. Dec. 2, 2021). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (per curiam) (quotations omitted). The doctrine of judicial immunity thus gives absolute immunity for acts or omissions of judges and their employees taken in connection with their judicial functions. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

Judicial immunity applies to all "function[s] normally performed by a judge." *Mireles* 502 U.S. at 12. Only two exceptions to the doctrine exist: (1) when the act is not taken in the judge's judicial capacity; and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction. *Stein v. Disciplinary Bd.*

7

*of Sup. Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008). A judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).

These exceptions do not apply here. Runkle has not identified any extrajudicial acts taken by any of the judges, but instead appears to complain about actions they took in their roles as judges. Accordingly, they are immune from this lawsuit under the doctrine of judicial immunity.

### III.   The "complaint," by its own terms, fails to state a claim for which relief can be granted.

Rule 12(b)(6) allows a court to dismiss a case for "fail[ing] to state a claim upon which relief can be granted." Rarely does a case so clearly qualify for dismissal under this rule. Runkle's "complaint" states no claims and does not request any relief. In fact, it's not even a complaint. A complaint is "the initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." Black's Law Dictionary, Complaint (11th ed. 2019); *accord* Fed. R. Civ. P. 8(a). Here, Runkle states no basis for the Court's jurisdiction over the State of Colorado and three of its judges; does not identify any legal claims; and does not demand any relief. To the contrary, she states that her relief is "unspecified." *See* Doc. 1 at 17. The State Defendants cannot fairly respond to such a document. Even affording Runkle the liberal construction of her pleadings to which she is entitled as a pro se litigant, she has not stated any claim for which relief can be granted, and her complaint should be dismissed.

## CONCLUSION

The Complaint should be dismissed.

Respectfully submitted this 14th day of March, 2023.

> PHILIP J. WEISER
> Attorney General
>
> s/ Michael T. Kotlarczyk
> MICHAEL T. KOTLARCZYK, Reg. No. 43250*
> Senior Assistant Attorney General
> Public Officials Unit / State Services Section
> 1300 Broadway, 6th Floor
> Denver, CO 80203
> Telephone: (720) 508-6187
> Email: mike.kotlarczyk@coag.gov
> *Attorney for Defendants State of Colorado, Former Chief Judge Michael Martinez, Judge Bruce Jones, and Judge Darryl Shockley*
> *Counsel of Record

# **CERTIFICATE OF SERVICE**

I certify that I served the foregoing upon all parties herein by e-filing with the CM/ECF system maintained by the Court on March 14, 2023:

*s/ Xan Serocki*
Xan Serocki