# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03252-WJM-SBP

AMY RUNKLE,

    Plaintiff,

v.

STATE OF COLORADO,
CITY AND COUNTY OF DENVER,
MICHAEL MARTINEZ, Former Chief Judge,
BRUCE JONES, Judge, and
DARRLY SHOCKLEY, Judge,

    Defendants.

## ORDER DENYING MOTION FOR EXTENSION OF TIME

**Susan Prose, United States Magistrate Judge**

This matter is before the court on Plaintiff Amy Runkle's Motion for Extension of Time, ECF No. 53 ("Motion"), to effect service on Defendants Martinez, Jones, and Shockley, all of whom serve or have served as state judges on the Denver District Court (the "Judges"). Ms. Runkle filed the Motion after this court recommended that all claims against the Judges (and the other Defendants) be dismissed for several reasons—including that the court lacks personal jurisdiction over the Judges because Ms. Runkle failure to properly serve them. Recommendation, ECF No. 46 at 15-17.[1]

The court denies the instant Motion. Ms. Runkle has not shown good cause for failing to

---

[1] The Recommendation is pending as of the date of this order.

meet the service deadline imposed by Federal Rule of Civil Procedure 4(m). Neither does the court find that a permissive extension of that long-expired deadline is warranted here, particularly where proper service would be futile because the claims against the Judges cannot proceed in any event. In short, the court finds no justification to further prolong this case.

## BACKGROUND

Ms. Runkle alleged multiple violations of her First, Fourth, and Fourteenth Amendment rights against two sets of defendants: (1) the City and County of Denver and (2) defendants associated with the State of Colorado, including the Judges and the State itself (the "State Defendants"). *See generally* Complaint, ECF No. 1. Both groups of defendants moved to dismiss the claims against them. ECF No. 21 (City's motion); ECF No. 31 (State Defendants' motion). In recommending that both motions to dismiss be granted, this court found that the claims against the State Defendants were marked by multiple jurisdictional defects, including that the "domestic-relations exception" and the *Rooker-Feldman* doctrine deprive the court of subject-matter jurisdiction over the claims against the State Defendants. Recommendation at 9-15. In the Motion now before the Court, Ms. Runkle seeks to repair an additional jurisdictional deficiency: the absence of personal jurisdiction over the Judges because Ms. Runkle failed to properly serve them. *Id.* at 15-17.

After the Recommendation issued, Ms. Runkle attempted to re-serve the Judges, *see* ECF No. 49, but the returns show that she attempted service in precisely the same manner this court previously found to be deficient. *Compare* ECF No. 49 at 3, 5, and 7 (serving summonses on a person named Gail Griggs at "1437 Bannock Street RM 5D Denver, CO 80202"), *with* Recommendation at 16 (finding that service of summons on Ms. Griggs, "a person who does not

2

work for the Colorado Judicial Department," was not proper service). In the Motion, Ms. Runkle contends that she "did not understand prior to the recommendation[], that the court did not agree with the service" and that she "had no control" over where the Sheriff's Department served the summons and complaint. *Id.* at 2. The Judges argue in response that Ms. Runkle has failed to show good cause for her failure to timely serve them, noting that their counsel "twice offered to waive service" earlier in the case but that Ms. Runkle maintained "a rigid insistence . . . that service was proper despite defense counsel's clear indication that it was not[.]" ECF No. 56 at 1. The Judges further assert the futility of properly serving them now because subject-matter jurisdiction would still be lacking. *Id.* at 2.

## ANALYSIS

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* And even "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissible extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

"The Tenth Circuit has interpreted 'good cause' narrowly, and inadvertence or ignorance of the rules is insufficient." *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1275 (D. Kan. 2011). A plaintiff "who seeks to rely on the good cause provision must show *meticulous*

3

*efforts* to comply with the rule." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (emphasis added); *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) ("[T]he good cause provision of Rule 4([m]) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."). "[S]omething more than excusable neglect" is necessary "to satisfy the good cause requirement." *Elide Fire USA Corp. v. Auto Fire Guard, LLC*, No. 21-CV-00943-NYW, 2022 WL 672485, at *5 (D. Colo. Mar. 7, 2022) (quotation omitted), *report and recommendation adopted*, No. 21-cv-0943-WJM-NYW, 2022 WL 2287527 (D. Colo. Apr. 18, 2022).

      A.      Whether Plaintiff Has Shown Good Cause to Extend the Rule 4(m) Deadline

Taking up first the question of whether the court is required to extend the deadline to serve the Judges, the court finds an extension is not mandated under the circumstances here. Ms. Runkle admits that she "*knew* that the defendants were trying to say that it wasn't good enough service," ECF No. 47 at 5 (emphasis added); indeed, she also knew that counsel for the Judges had twice offered to waive service on their behalf. *See* ECF No. 25 at 1 (2/27/2023 email from Senior Assistant Attorney General to Runkle, asking her to "please fill out the attached waiver three times (one for each of the judges I represent), email those to me, and I will send them back to you with my signature"); *see also* ECF No. 26 (3/2/2023 email from same Senior Assistant Attorney General to Runkle, advising her that, although her attempt to serve the Judges was defective, he "remain[s] willing and able to execute waivers of service for the three judges I represent"). But instead of responding to counsel's professional and graciously-conveyed offer in a like manner, Ms. Runkle dug in her heels: "In response, I unequivocally stand behind the service from the sheriff." ECF No. 26.

4

Ms. Runkle's apparent expectation that she could override the service rule by sheer force of will—and her recalcitrant refusal to abide by the requirement for timely and effective service laid before her in a straightforward and unequivocal manner—cannot be deemed "meticulous" efforts to comply with the rule. *In re Kirkland*, 86 F.3d at 176. Ms. Runkle's pro se status does not vitiate her obligation to adhere to, and comply with, "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (stating that a pro se litigant must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"). And "[t]he prosecution of this lawsuit, including service on the defendants, is ultimately [her] responsibility." *Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1142, 1144 (D. Colo. 2020) (declining to find good cause to further extend service deadline where U.S. Marshals Service attempted to carry out service at two different addresses provided by plaintiff).

To the extent Ms. Runkle may contend that the Judges had actual notice of the lawsuit, even if they were not properly served, that fact also does not support good cause for an extension of the service deadline. As one judge on this court emphasized, "even if Defendants had actual notice, such notice is not equivalent to a showing for good cause for purposes of Rule 4(m)." *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 14444210, at *3 (D. Colo. Mar. 23, 2018) (citing *Despain*, 13 F.3d at 1439).

In sum, Ms. Runkle's actions here fall short of demonstrating a "*best effort* to comply with the rules." *See Padilla v. Walgreen Hastings Co.*, No. CIV 08-1110 JB/CEG, 2009 WL 2951025, at *6 (D.N.M. Aug. 11, 2009) (emphasis added). Having failed to show that level of

5

diligence, Ms. Runkle has not established good cause mandating an extension of the Rule 4(m) deadline.

   B.   **Whether a Permissive Extension is Warranted**

The court next turns to the question of whether a permissive extension of time is warranted. The court may consider several factors in making this assessment, "including the complex requirements of multiple service, the plaintiff's pro se status, the statute of limitations, the danger of prejudice to the defendant, and the length of the delay." *Estate of Goodwin by & through Alvardo v. Connell*, 376 F. Supp. 3d 1133, 1153 (D. Colo. 2019) (citing *Espinoza*, 52 F.3d at 842). Taking into account the totality of the circumstances here, the court finds that an assessment of the applicable factors weighs against a permissive extension of the service deadline.

The court begins by recognizing that the complexities sometimes associated with service on multiple defendants were effectively eliminated here, where the Judges' counsel made two separate offers to waive service. As defense counsel told Ms. Runkle: "I believe this would be in everyone's interest here, as it will clarify where things stand on service, will save you from any further expense, and will set clear deadlines for the parties to follow in this case." ECF No. 25 at 1. Counsel undoubtedly was correct, yet Ms. Runkle rejected this direct invitation to rectify the deficiencies in service in a timely fashion. In the face of this record—where Ms. Runkle was specifically advised what to do to ensure the Judges' participation in this litigation—she cannot reasonably claim any prejudice associated with her pro se status in this matter.

Moreover, Ms. Runkle's delay in requesting an extension is unquestionably excessive. She did not raise the issue until September 19, 2023, *after* this court recommended that her case

be dismissed in its entirety following complete briefing (including briefing on the issue of defective service on the Judges), and *after* some 274 days had passed since the filing of the action—more than three times the established service timeframe of 90 days. The court further notes that Ms. Runkle has not argued that declining to grant an extension would create a statute of limitations issue, nor is it this court's duty to raise that argument for her. *See, e.g.*, *United States v. Davis*, 622 F. App 'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phoenix Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, No. 12-cv-01553-REB-KLM, 2013 WL 4594529, at *2 (D. Colo. Aug. 29, 2013) ("It is not the Court's responsibility to conduct legal research in order to understand a party's argument, nor is the Court obligated to piece together support for an argument."); *see also Shephard v. U.S. Dept. of Veterans Affairs*, 819 F. App'x 622, 623-24 (10th Cir. 2020) (refusing to consider plaintiff's statute of limitations defense to dismissal under Rule 4(m) because she failed to raise it at the district court level).

Put simply, Ms. Runkle lacked diligence in attempting to serve the Judges, and the court finds that it would not facilitate the "just, speedy, and inexpensive determination" of this action to permit additional time for service now. *See* Fed. R. Civ. P. 1. Not only would that approach prejudice all Defendants by causing significant delays in the progress of this case, but even more importantly, it would likely be a futile endeavor. *See Wise v. Montez*, No. 18-cv-01908-PAB-KLM, 2019 WL 4120273, at *2, 4 (D. Colo. July 12, 2019) (recognizing that dismissal for insufficient service, even if curable, "may nonetheless be proper without opportunity to cure where proper service would be futile," and finding that a permissive extension was not warranted where "the statute of limitations appears to have run" on the claim against the unserved

7

defendant) (citing *Gregory v. U.S. Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991)).

Setting aside the defects in personal jurisdiction, the claims against the Judges cannot proceed in any event. Subject-matter jurisdiction also is lacking over all claims against the State Defendants (including the Judges), *see* Recommendation at 9-15, and the doctrine of absolute judicial immunity likely bars all claims against the Judges because each claim stems from their official conduct in ruling on legal issues presented in connection with custody proceedings before them. *See* Complaint at 6, 9, 11, 12, 15, 16; *see also, e.g.*, *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction. A judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority. Moreover, a judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.") (cleaned up); *accord Smith v. Arguello*, 415 F. App'x 57, 60 (10th Cir. 2011) (dismissing the plaintiff's claims against federal judges because "the judges were sued for their legal decisions in previous suits [and] they were entitled to absolute judicial immunity."); *cf. Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021) (upholding finding that a permissive extension was unwarranted because the plaintiff "failed to state any plausible claims for relief").

For these reasons, the court declines to exercise its discretion to permissively extend the deadline established in Rule 4(m).

## CONCLUSION

The court respectfully **DENIES** the Motion for Extension of Time. ECF No. 53.[2]

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after

DATED: December 18, 2023                BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").