IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-3252-WJM-SBP

AMY MARIA RUNKLE,

    Plaintiff,

v.

STATE OF COLORADO,
CITY AND COUNTY OF DENVER,
MICHAEL MARTINEZ, Former Chief Judge,
BRUCE JONES, Judge, and,
DARRLY SCHOCKLEY, Judge,

    Defendants.

---

## ORDER ADOPTING AUGUST 29, 2023
## RECOMMENDATION OF MAGISTRATE JUDGE

---

This matter is before the Court on the August 29, 2023 Recommendation of United States Magistrate Judge Susan B. Prose ("Recommendation") (ECF No. 46) that the Court grant the City and County of Denver's ("Denver") Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF No. 21) and the State of Colorado, Former Chief Judge Michael Martinez[1], Judge Bruce Jones, and Judge Darryl Schockley's[2] (the "State Defendants") Motion to Dismiss (ECF No. 31) and that Plaintiff Amy Maria Runkle's ("Runkle") Complaint (ECF No. 1) be dismissed without prejudice.  On August 31, 2023, Runkle timely filed an objection to the Recommendation ("Objection") (ECF No. 47), and on September 14, 2023, Denver and the State Defendants filed separate

---

[1] Defendant Former Chief Judge Michael Martinez has no relation to the undersigned.

[2] Defendant Judge Darrly Schockley's first name is apparently correctly spelled "Darryl."

responses to the Objection (ECF Nos. 51, 52).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a).

For the reasons explained below, the Court overrules the Objection, adopts the Recommendation in full, and grants Denver and the State Defendants' motions.

## I.  BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual and procedural history contained in the Recommendation.  (ECF No. 46 at 1–4.).

## II. THE RECOMMENDATION

### A.  Claims Against State Defendants

Judge Prose first discusses the claims against the State Defendants.  She concludes that the Court lacks subject-matter jurisdiction over those claims for two reasons: (1) the domestic relations and *Rooker-Feldman* doctrines, and (2) the Eleventh Amendment.  (ECF No. 46 at 8–15.)

As Judge Prose explains in the Recommendation, the *Rooker-Feldman* doctrine bars federal actions by state-court losers complaining of injuries caused by state-court judgments.  (*Id.* at 9 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).)  Lower federal courts lack jurisdiction to consider such claims, even if they allege that the state court's judgment violates the United States Constitution.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 486 (1983).  Moreover, whether or not Runkle's claims fall within the ambit of *Rooker-Feldman*, "federal courts specifically lack jurisdiction over domestic-relations cases."  (ECF No. 46 at 10 (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); and then citing *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005)).)  Therefore, Judge Prose concludes that Runkle's

2

"claim against the State Defendants regarding the custody of her children is procedurally barred by these principles." (*Id.* at 11.)

Judge Prose next considers the Eleventh Amendment, which precludes suits against states or state actors in their official capacity without consent. *Peterson v. Martinez*, 707 F.3d 1198, 1205 (10th Cir. 2013). "State sovereign immunity is more than immunity from liability—it actually deprives federal courts of subject-matter jurisdiction." *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011); *accord Edelman v. Jordan*, 415 U.S. 651, 677–78 (1974) (It is "well settled . . . that the Eleventh Amendment defense . . . [is] jurisdictional . . . ."). Section 1983 "does not abrogate a state's sovereign immunity." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010). Accordingly, Judge Prose found the Court lacks jurisdiction over all of Runkle's claims against the State Defendants because they enjoy sovereign immunity. (ECF No. 46 at 14–15.)

Judge Prose also found a second jurisdictional defect. Specifically, she concludes that defendant Judges Martinez, Jones, and Schockley were not properly served. (*Id.* at 15.) Under Colorado law, to effect personal service upon an officer, agent, or employee of the state, acting in any official capacity, summons must be delivered to both the officer, agent, or employee and the attorney general. (*Id.* at 16 (quoting Colo. R. Civ. P. 4(e)(10)(A)).) Because there is nothing in the record to show that the judges themselves were served, Judge Prose concludes the Court lacks personal jurisdiction over them. (*Id.* at 16–17.)

Therefore, Judge Prose recommends dismissing all claims against the State Defendants for lack of jurisdiction. (*Id.* at 17.)

3

**B.     Claims Against Denver**

Judge Prose observes that "construing Ms. Runkle's pleading liberally, the court discerns two possible bases for her claims against the City: (1) on some unspecified date, she was 'taken out of the courthouse'—possibly by City officers—'in handcuffs and forcibly taken in for a mental health evaluation,' Compl. at 9; and (2) on some unspecified date, 'Denver Health' and 'Denver Jail' refused to respond to her '(very serious) lawsuit.'"  (ECF No. 46 at 18.)  And, as Judge Prose explains, to hold Denver— rather than any of the unidentified individuals who directly caused Runkle's injuries— accountable, Runkle must satisfy the strictures of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  To prove municipal liability under *Monell*, Runkle must show: (1) the existence of an official policy or custom; (2) that the policy or custom caused the injury; and (3) the relevant mental state.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769–71 (10th Cir. 2013).

Judge Prose finds that Runkle's Complaint contains two fatal defects: (1) it fails to allege a constitutional harm; and (2) it fails to allege a policy or custom.  She notes the utter lack of specific factual allegations contained in the Complaint.  (ECF No. 46 at 20.)  With respect to the first potential claim, concerning being escorted from the courthouse by unnamed officers, she explains that the single allegation contained in the Complaint "is 'merely consistent with' the City's liability, and therefore has "stop[ped] short of the line between possibility and plausibility of 'entitlement to relief.'"  (*Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)).)  Judge Prose "reache[d] the same conclusion concerning Ms. Runkle's second allegation: that on some unspecified date, 'Denver Health' and 'Denver Jail' refused to respond to her '(very serious) lawsuit'

4

a state court case captioned *Runkle v. Denver Health*, 2020CV000213 (Denver Cty.) (filed May 13, 2020)." (*Id.* (quoting ECF No. 1 at 14).) "It is a matter of public record that the City did not respond to that lawsuit *because it was dismissed by the court for failure to effect service*." (*Id.* at 21 (emphasis in original).) Judge Prose explained, however, that "even if the disposition of that case were not before this court, it would still find that Ms. Runkle [alleges] no constitutional violation concerning the City's failure to respond to one of her myriad lawsuits." (*Id.*) This is because Judge Prose is "aware of [no] precedent that would elevate mere indifference to a lawsuit to a First Amendment violation." (*Id.*)

Though the failure to allege a constitutional violation is sufficient to dismiss Runkle's claims against Denver, Judge Prose also analyzes whether Runkle has adequately pleaded that Denver has a policy or practice. (*Id.* at 21–22.) Judge Prose briefly notes that the Complaint contains no "mention of any policies, customs, or training the [City has] regarding situations similar to the instant case, . . . it is impossible to say whether [Runkle] [is] asserting that [the City's] policies are defectively designed, whether [its employees] are inadequately trained on how to apply a properly designed policy, or whether the [City fails] in even having a policy." (*Id.* at 22 (quoting *Estate of Alire v. Wihera*, 2023 WL 4339677, at * 8 (D. Colo. June 5, 2023)) (second alteration added).) Judge Prose concludes that Runkle's failure to plead these facts in a non-conclusory way was also fatal to her claims against Denver. (*Id.*)

For these reasons, Judge Prose recommends dismissing the claims against Denver without prejudice. (*Id.* at 22.)

5

### III. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### IV. PLAINTIFF'S OBJECTION

The Objection asserts several reasons why the Court should not adopt the Recommendation and dismiss this action. (*See generally* ECF No. 47.) Beyond expressing "devastat[ion]" reading the Recommendation and the "stres[s]" she is under, Runkle provides only two reasons why the Recommendation is allegedly erroneous. (*Id.*) First, she attempts to explain her challenges personally serving the defendant judges and explains that she has tried once more to serve them. (*Id.* at 1–2.) But, as Judge Prose explains in the Recommendation, even if all parties had been properly served, the Court would lack jurisdiction to consider Runkle's claims against the State Defendants.

Second, Runkle attempts to clarify that the termination of her parental rights "is not what this case is about in its entirety." (*Id.* at 1.) It is also about the "filing restrictions [that] are very hurtful and still ongoing." (*Id.*) These "filings restrictions," whether they be the imposition of actual restrictions, dismissal of poorly pleaded actions, or striking of other improper filings, are the result of state-court judgments this Court is not permitted to review. (*See id.* at 3–6.) Therefore, the Court does not substantively consider the merits arguments that make up the bulk of the Objection.

6

(*See id.*)

The Objection offers no meritorious reason to reject or modify the Recommendation, and is therefore overruled.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 46) is ADOPTED IN FULL;

2. Plaintiff's Objection (ECF No. 47) is OVERRULED;

3. The City and County of Denver's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF No. 21) is GRANTED;

4. The State Defendants' Motion to Dismiss (ECF No. 31) is GRANTED;

5. The Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and

6. Plaintiff may file a motion for leave to file an amended complaint which cures the deficiencies noted in this Order by no later than **March 28, 2024.**

Dated this 27th day of February, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge