IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-3252-WJM-SBP

AMY MARIA RUNKLE,

    Plaintiff,

v.

STATE OF COLORADO,
CITY AND COUNTY OF DENVER,
MICHAEL MARTINEZ, Former Chief Judge,
BRUCE JONES, Judge, and,
DARRLY SCHOCKLEY, Judge,

    Defendants.

---

ORDER ADOPTING FEBRUARY 28, 2025
RECOMMENDATION OF MAGISTRATE JUDGE

---

Before the Court is the February 28, 2025 Recommendation of United States Magistrate Judge Susan B. Prose ("Recommendation") (ECF No. 84) that the Court deny as moot Plaintiff Amy Maria Runkle's motion to dismiss Defendant City and County of Denver ("Denver") (ECF No. 78), deny without prejudice Runkle's motion for leave to file an amended complaint (ECF No. 75), and close the case. Runkle timely filed an Objection to the Recommendation. (ECF No. 87.) Defendants State of Colorado, Former Chief Judge Michael Martinez, Judge Bruce Jones, and Judge Darrly Shockley filed a response to the Objection. (ECF No. 88.)

For the following reasons, the Court overrules the Objection and adopts the Recommendation in full.

I.     **BACKGROUND**

The Court incorporates by reference the factual and procedural history contained in the Recommendation. (ECF No. 84 at 2–3.)

The Recommendation concerns Runkle's pending (1) motion to dismiss Denver from this action and (2) motion for leave to file an amended complaint. (ECF Nos. 75, 78.) As to the motion to dismiss, Judge Prose recommends that the Court deny the motion as moot because it "is self-executing under Rule 41(a)(1)(A)(i)." (ECF No. 84 at 4.) As Judge Prose elaborates, seeking court approval is not necessary because Runkle filed her notice of voluntary dismissal before Denver filed an answer or a motion for summary judgment. (*Id.*)

As to the motion for leave, Judge Prose finds that permitting amendment would be "futile because the pleading as amended would still be subject to dismissal." (*Id.* at 5 (citing *Jensen v. W. Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (providing that granting leave need not be granted if doing so would be futile)).) She explains that the proffered amended complaint, attached to the motion for leave, would be subject to dismissal because it "primarily centers on the filing restrictions imposed by the Judges in state court." (*Id.*) This is problematic, Judge Prose reasons, "for the same reasons explained in the court's first recommendation to dismiss all claims against these parties." (*Id.* at 6–7.) Specifically, Judge Prose continues,

> Decisions concerning whether a litigant's conduct warrants the imposition of filing restrictions or other sanctions are quintessential judicial functions, reflecting the inherent power of courts to control their dockets. *See, e.g., People in Interest of K.J.B.*, 342 P.3d 597, 601 (Colo. App. 2014) (noting that 'the Colorado Supreme Court has recognized the authority of a judge to impose sanctions for contemptuous conduct through its inherent powers') (citing

> *Halaby, McCrea & Cross v. Hoffman*, 831 P.2d 902, 907–08 (Colo. 1992)). Ms. Runkle's allegations plausibly evince nothing more than her disagreement with the Judges. Her disagreement does not disentitle them to absolute judicial immunity. *See, e.g., Smith v. Arguello*, 415 F. App'x 57, 60 (10th Cir. 2011) (dismissing the plaintiff's claims against federal judges because "the judges were sued for their legal decisions in previous suits [and] they were entitled to absolute judicial immunity.").

(*Id.* at 7–8.)

For these reasons, Judge Prose recommends denying as moot the motion to dismiss, denying the motion for leave without prejudice, and closing this case. (*Id.* at 8.)

## II. LEGAL STANDARD

Where, as here, a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## III. ANALYSIS

The Objection does not challenge Judge Prose's legal analysis. (*See generally* ECF No. 87.) Instead, the Objection details the history of this case and others and the personal struggles Runkle has faced and continues to face as a result of her state court lawsuits. (*See, e.g., id.* at 10 ("It's really upsetting and extremely stressful. This is mentally exhausting, mentally debilitating, physically draining and my stomach hurts from anxiety and I cry so much that it makes it very difficult to function in my day to day life.").)

3

While the Court is sympathetic to the personal struggles Runkle describes in the Objection, they are not legally meritorious reasons to reject or modify the Recommendation.  The Objection is therefore overruled.  And having reviewed de novo Judge Prose's legal conclusions—*i.e.*, that the motion to dismiss Denver is moot because it is self-executing, and that granting Runkle leave to file an amended complaint would be futile—the Court concludes they are sound and dispositive of Runkle's Objection to the Recommendation.   The Recommendation is therefore adopted in full.

## IV.   CONCLUSION

In sum, the Court ORDERS as follows:

1. The Recommendation (ECF No. 84) is ADOPTED IN FULL;

2. The Objection (ECF No. 87) is OVERRULED;

3. The Motion to Dismiss Denver (ECF No. 75) is DENIED AS MOOT;

4. The Motion for Leave to File Amended Complaint (ECF No. 78) is DENIED;

5. The Clerk is DIRECTED to terminate this action; and

6. The parties shall bear their own attorney's fees and costs.

Dated this 28th day of May, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge